IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVELYN BURKE**, | : CIVIL ACTION NO. 1:06-CV-0573 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| **ALBERTO GONZALES**, et al., | : |
| Defendants | : |

## ORDER

AND NOW, this 28th day of March, 2006, upon consideration of plaintiff's motion (Doc. 4) for a stay of removal, requesting a stay of deportation pending resolution of the above-captioned action, brought pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, for defendant's alleged denial of new dentures for plaintiff, see Douglas v. Ashcroft, 374 F.3d 230, 233-34 (3d Cir. 2004) (identifying four factors relevant to deciding whether to grant a stay of removal), and it appearing that the complaint may set forth a claim for a violation of plaintiff's Eighth Amendment rights, see Farrow v. West, 320 F.3d 1235 (11th Cir. 2003) (holding that inordinate delay in providing dentures may constitute deliberate indifference violating Eighth Amendment); Wynn v. Southward, 251 F.3d 588 (7th Cir. 2001) (holding that, in certain circumstances, denial of dentures may constitute Eighth Amendment violation); Hunt v. Dental Dep't, 865 F.2d 198 (9th Cir. 1989) (same), but that defendants have not yet entered their appearance in this case and hence the court cannot determine plaintiff's likelihood of success on the merits of his claims, see Douglas, 374 F.3d at 233 (identifying "likelihood of success on the

merits" as first factor for staying removal), that a stay of removal has been imposed by the United States District Court for the Eastern District of New York (see Doc. 4 ¶ 5) and hence denial of the instant motion will not result in irreparable harm to plaintiff, see Douglas, 374 F.3d at 233 (identifying "irreparable harm if a stay is not granted" as second factor for staying removal), that plaintiff can pursue his claims even if removed and hence any harm to plaintiff from deportation is minimal, see id. (identifying "potential harm to the moving party outweighs the harm to the opposing party" as third factor for staying removal), and that the public interest weighs in favor of concluding removal proceedings and enforcing valid orders of removal, see id. (identifying "granting of stay would serve the public interest" as fourth factor for staying removal), it is hereby ORDERED that plaintiff's motion (Doc. 4) for stay of removal is DENIED.

      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge