IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN BURKE, | : | CIVIL ACTION NO. **3:CV-06-0573** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| | : | |
| | : | |
| ALBERTO GONZALES, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background**.

The Plaintiff, Evelyn Burke, a detainee of the Bureau of Immigration and Customs

Enforcement ("BICE") at the York County Prison, York, Pennsylvania ("YCP"), filed, *pro se,* this civil

rights action under 42 U.S.C. § 1983, as well as under *Bivens*[1], pursuant to 28 U.S.C. § 1331, and

the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C. § 1346 and § 2680, on March 20,

2006.[2]  Plaintiff is not a convicted inmate serving a prison sentence.  Rather, Plaintiff is detained at

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff correctly styles his civil rights portion (Doc. 1, p. 1) of his action against the YCP Warden as being under 42 U.S.C. § 1983.  Section 1983 applies to state inmates suing state officials for violations of Constitutional rights.  *See Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).  Plaintiff also styles his action as being under the FTCA, and under *Bivens* insofar as he is suing federal officials for alleged violations of his Constitutional rights.  (*Id*.).

[2]This Court in *Freeman v. Fleck* held that a federal inmate could file a joint *Bivens* and FTCA action.  *See* Civil No. 05-2600, M.D. Pa., Memo of 7/31/06, p. 5.

YCP by BICE seemingly while his challenge to his removal is pending.  The District Court for the Eastern District of New York has entered a stay of Plaintiff's removal. (Doc. 4).

Essentially, Plaintiff claims that the United States Defendants, *i.e.* Attorney General Gonzales and BICE, as well as the YCP Warden Hogan, failed to provide him with new dentures, as recommended by a dentist, which he required to alleviate pain to his gums and mouth.  Thus, Plaintiff claims that the Defendants, a state official, a federal official and a federal agency, failed to ensure that he would receive proper medical care while he was in their custody, *i.e.* as a BICE detainee at YCP.  Plaintiff avers that, prior to filing this action, he submitted a request with YCP to be seen by a dentist since he was having problems chewing his food due to significant loss of teeth, *i.e.* about 25 teeth, upper and lower mouth.  (Doc. 1, p. 4).  Plaintiff states that he was examined by a dentist, who recommended that he needed dentures in order to eat and alleviate the pain and discomfort caused by his inflamed gums.  (*Id.*).  Plaintiff claims that BICE as well as the YCP denied him the dentures he requires, in violation of the his Constitutional rights.  (*Id.*, p. 5).[3]

Plaintiff is a BICE  detainee at YCP,  and he has federally protected liberty interests based on federal constitutional law, *i.e.*, the Fourteenth Amendment.  *See Fuentes v. Wagner*, 206 F.3d 335, 341 (3d Cir. 2000), *cert. denied*, 531 U.S. 821 (2000).  The *Fuentes* Court indicated that the Eighth Amendment was designed to protect persons convicted of crimes and that, with respect to pre-trial

---

[3]Plaintiff refers to his Fifth Amendment and Fourteenth Amendment rights to be free from cruel and unusual punishment.  The District Court has found that he is relying upon the Eighth Amendment.  *See* Doc. 10 (District Court's Order of March 28, 2006, indicating that in some circumstances, denial of dentures may amount to an Eighth Amendment violation).  In fact, Plaintiff indicates that his Fourth Cause of Action is under the Eighth Amendment. (Doc. 1, p. 8).

detainees, claims regarding cruel and unusual conditions of confinement are governed by the Fourteenth Amendment Due Process Clause.   206 F.3d at 343.   The *Fuentes* Court stated that "under the Fourteenth Amendment, a pretrial detainee is entitled 'at a minimum, [to] no less protection' than a sentenced inmate is entitled to under the Eighth Amendment." *Id.* (citation omitted).   The *Fuentes* Court then quoted *Kost* and said:

> "In *Kost v. Kozakiewicz*, 1 F.3d 176, 188 n. 10 (3d Cir. 1993), we noted that 'pretrial detainees . . . are entitled to at least as much protection as convicted prisoners, so the protections of the Eighth Amendment would seem to establish a floor of sorts.   It appears that no determination has as yet been made regarding how much more protection unconvicted prisoners should receive.'" *Id.* at 344.

As relief, Plaintiff seeks an injunction as well as monetary damages, compensatory, nominal, and punitive.  (Doc. 1, p. 10).[4]

Plaintiff filed an *in forma pauperis* Motion, and a Motion for Stay of Removal pending the resolution of his action.  (Docs. 2 & 4).  On March 28, 2006, the Court denied Plaintiff's Motion for Stay of Removal.  (Doc. 10).[5]  On March 20, 2006, the Court granted Plaintiff's *in forma pauperis*

---

[4]To the extent that Plaintiff seeks a specific amount of damages with respect to his civil rights portions of his Complaint, *i.e.* a total of $500,000, his claim for this amount should be stricken.  (Doc. 1, p. 9-10).  Plaintiff's request for a specific amount of monetary damages should be stricken.  Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief.  Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages of $500,000 should be stricken from his § 1983 and § 1331 portions of his Complaint.  *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure.

[5]In his Supplemental Response to the Motion to Dismiss of the United States Defendants, Plaintiff states that he does not have a stay of removal issued in the Eastern District of New York, contrary to the Court's March 28, 2006, Order, and that his removal from the United States to Jamaica will result in his irreparable harm, since he was an informant for the INS.  (Doc. 28, p. 5).  Insofar as Plaintiff seeks another Order for a stay of his removal pending

request and directed the United States Marshals Service to serve his Complaint.  (Doc. 8).  On

May 5, 2006, Defendant Warden Hogan filed his Answer with Affirmative Defenses to Plaintiff's

Complaint.  (Doc. 13).  The United States Defendants, *i.e.* Attorney General Gonzales and BICE,

jointly filed a Motion to Dismiss on August 1, 2006.  United States Defendants simultaneously filed

their support Brief.  (Docs. 21 & 22).  After being granted extensions of time, Plaintiff filed his

opposition Brief on October 10, 2006.  (Doc. 27).  Plaintiff also filed a 14-page Supplemental

Response with exhibits on October 16, 2006.  (Doc. 28).[6]  The United States Defendants' Motion

is ripe for disposition.[7]

## II.   Motion to Dismiss.

United States Defendants filed their Motion as under Fed. R. Civ. P. 12(b)(1) as well as under

12(b)(6).  (Doc. 22, p. 3 & 7).  First, Defendants argue that Plaintiff's FTCA action should be

dismissed since he failed to exhaust his Administrative remedies as required.  This argument is based

on Rule 12(b)(1).  Second, Defendants argue that Plaintiff's claims for monetary relief against them

should be dismissed since they are shielded from them by sovereign immunity.  Third, Defendants

---

the outcome of this action, he should file an appropriate motion with the Court.

[6]Plaintiff addresses both the United States Defendants' Motion to Dismiss and the Answer to his Complaint with Affirmative Defenses filed by Defendant Hogan.  To the extent that Plaintiff's Supplemental Response addresses Defendant Hogan's Answer to his Complaint, Doc. 28, pp. 5-12, we shall not discuss it herein, as it does not pertain to the present Motion to Dismiss of the United States Defendants.

[7]This case has been assigned to the undersigned for pre-trial maters pursuant to 28 U.S.C. § 636(b)(1).

argue that Defendant Gonzales should be dismissed since Plaintiff does not allege this Defendant's personal involvement with respect to his claim that he was denied proper dental care in violation of the Eighth Amendment and through the negligence of the Defendants.

   1. *Rule 12(b)(1) Standard*

   The Court in *Henderson v. Nationwide Ins. Co.*, 169 F. Supp. 2d 365, 367-368 (E.D. Pa. 2001), stated:

> Fed.R.Civ.P. 12(b)(1) provides that a party may move to dismiss a lawsuit for lack of jurisdiction over the subject matter. A 12(b)(1) motion may challenge jurisdiction based on the face of the complaint or its existence in fact. *See Gould Elects. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000) (*citing Mortensen v. First Fed. Savings and Loan Ass'n., 549* F.2d 884, 891 (3d Cir. 1977)). When the challenge is facial, the court must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff. *See Mortensen*, 549 F.2d at 890. When the challenge to jurisdiction is factual, however, the court is not bound by the allegations in the pleadings. *See id.* Therefore, "no presumptive truthfulness attaches to plaintiff's allegations" for factual challenges. *Id*. Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of persuasion. *See id.* Dismissal is proper where the federal claim is "made solely for the purpose of obtaining jurisdiction" or where such a claim is "wholly insubstantial and frivolous." *Kulick v. Pocono Downs Racing Ass'n, Inc.,* 816 F.2d 895, 898 (3d Cir. 1987) (citing *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 ( 1946)).

   Here, we deem Defendants as making a factual challenge to jurisdiction. (Doc. 22, p. 3). The Court determines how to treat a Rule 12(b)(1) Motion. *Id.* Thus, we shall consider their Declaration attached to their Brief with respect to their Rule 12(b)(1) Motion.

*2. Rule 12(b)(6) Standard*

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

We shall first consider the Rule 12(b)(1) Motion. Defendants argue that this Court lacks subject matter jurisdiction due to Plaintiff's failure to exhaust his Administrative remedies with respect to his FTCA action. As noted, Defendants have submitted a Declaration in support of this argument.[8]

## III. Discussion.

Defendants assert that Plaintiff did not exhaust his Administrative remedies with respect to his claim that federal officials were negligent with respect to his required dental care. Defendants state that since Plaintiff did not exhaust his Administrative remedies regarding his FTCA claim, this Court lacks subject matter jurisdiction over it. Plaintiff addresses this argument at pages 13-15 of

---

[8]Courts can consider documents outside the pleadings when considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction that is treated by the Court as a factual challenge to jurisdiction. *See PA. Protection and Advocacy, Inc. v. Houston*, 136 F.Supp.2d 353, 359 (E.D. Pa. 2001). Defendants indicate that their Rule 12(b)(1) is a factual challenge to jurisdiction. (Doc. 22, p. 3). We agree.

his Supplemental Brief.  (Doc. 28).

Initially, we note that, with respect to the FTCA portion of the Complaint, Plaintiff fails to name the correct Defendant, the United States of America.  Neither the Attorney General nor BICE is the proper Defendant in an FTCA action.[9]  Plaintiff cannot name the federal agency, BICE and the Attorney General, with respect to his FTCA action. We shall recommend that both United States Defendants be dismissed with respect to Plaintiff's FTCA action and that the United States be substituted as the proper Defendant for this claim.   We will also  recommend that Plaintiff's FTCA action as against the United States be dismissed due to his failure to file a proper Administrative tort claim (SF-95) and failure to exhaust his Administrative remedies as required by the FTCA.

Plaintiff names as Defendants with respect to both the *Bivens* and FTCA portions of his pleading BICE and the United States Attorney General. (Doc. 1, pp. 1-3).  Plaintiff essentially claims that Defendants have failed to provide him with proper medical care for his stated serious dental conditions, while he is a BICE detainee at YCP.   Plaintiff states that Defendants, the stated federal agency and official, violated his constitutional rights , *i.e.* Eighth Amendment, Fifth amendment  and Fourteenth Amendment.  (Doc. 1, p. 3).[10]

---

[9]As discussed below, with respect to his *Bivens* action, we agree with Defendants that Plaintiff does not name any proper federal official, and he does not state the personal involvement of Defendant Gonzales or any federal official with respect to his Eighth Amendment claim.

[10]Plaintiff's Complaint asserts four causes of actions, the first two are under the Fourteenth Amendment due process clause and equal protection clause, and the third is under the Fifth Amendment due process clause.  The fourth cause of action is under the Eighth Amendment. (Doc. 1, pp. 7-9).

As Defendants point out (Doc. 22, p. 4), Plaintiff states that he exhausted his Administrative remedies with respect to his FTCA action since on February 23, 2006, he sent a letter addressed to Defendant Gonzales in the nature of a "Formal Complaint on Denial of Prescribed Medical Care". (Doc. 1, p. 3 & Ex. A).  Plaintiff indicates that copies of his letter to Gonzales were sent to INS District Director Donald Monica and former Pennsylvania Attorney General Fisher.  (*Id.* & Doc. 28, p. 14). Plaintiff also states that he submitted a grievance to YCP, seemingly in January 2006, regarding his denial of medical care claim.  Plaintiff also attached a copy of this YCP grievance and the YCP Response to his Grievance as Exhibit B to his Complaint.  Plaintiff states that his letter to Defendant Gonzales, which was copied to the INS District Director, satisfied the FTCA exhaustion of administrative remedies requirement.  (*Id.*, p. 3).   While Plaintiff indicates that he received a response to this YCP grievance, he does not state (and his exhibits do not show) that he received any response to his February 2006, letter to Defendant Gonzales.  Defendants argue that Plaintiff's letter to Defendant Gonzales did not comport with the FTCA's exhaustion requirement since he had to submit a tort claim to BICE, which is under the Department of Homeland Security. (Doc. 22, p. 4). Defendants attach as Exhibit A to their Motion, a Declaration of Scott A. Whitted, an Associate Legal Advisor for the Department of Homeland Security, BICE.  (Doc. 22, Ex. A).  Mr. Whitted avers that he is responsible to adjudicate tort claims under the FTCA against BICE (and former INS) in a geographic area that includes Pennsylvania.   He avers that he searched the database of administrative tort claims and found no records of any such tort claims flied by Plaintiff. (*Id.*).[11]

---

[11]Notwithstanding the fact that Defendants' Motion is one to dismiss, since it is under Rule 12(b)(1) and we deem it as a factual challenge to jurisdiction, we will consider Whitted's Declaration. *See Henderson, supra.*

Defendants argue that Plaintiff's letter to Defendant Gonzales did not satisfy the FTCA's tort claim requirement, and that even if it did, this Court still lacks jurisdiction over this claim since he failed to give the agency proper notice of his tort claim.  (Doc. 22, pp. 4-5).

In his initial opposing Brief, Plaintiff did not specifically address any of the Defendants' present arguments in support of their Motion to Dismiss. (Doc. 27).  In his Supplemental Brief, Plaintiff argues that, because the Attorney General was put on notice of his claim, as well as the Department of Justice Civil Rights Division, as evidenced by his Exhibit G, BICE had full knowledge of his tort claim.  (Doc. 28, pp. 14-15).

There is no dispute that Plaintiff did not file an Administrative tort claim with BICE  regarding his alleged lack of medical care, his request for treatment, and his denial of dentures.  He sent a letter to Defendant Gonzales, to which he apparently never received any response, and he filed a grievance in January 2006 with YCP.  He received a response to his YCP grievance form.

As stated, since Plaintiff did not name the only proper Defendant with respect to his FTCA action, we  will recommend that Plaintiff's  FTCA  action as against Defendant Gonzales and BICE be dismissed, and that the United States be substituted as the Defendant for the Plaintiff's FTCA claim.  We also will recommend that Plaintiff's FTCA action be dismissed, since he failed to submit a proper tort claim, depriving this Court of subject matter jurisdiction over it.[12]

---

[12]Plaintiff correctly states the statute of limitations for filing an FTCA action as six (6) months after the denial by a federal agency of an Administrative Tort Claim (SF-95 Form).  (Doc. 1, p. 3).

Regarding Plaintiff's FTCA claim, the United States is basically liable for the tortious conduct of its employees, acting within the scope of their employment, in the same manner and the same extent as a private individual.  Plaintiff does not indicate in his pleading that the United States of America is a Defendant.  (Doc. 1, p. 2).  The sole Defendant for Plaintiff's FTCA action is the United States, and not the United States Attorney General and the named federal agency, BICE.  Thus, as stated, Defendants Gonzales and BICE should be dismissed from Plaintiff's FTCA action, and the United States should be substituted for them.  Under the FTCA, Plaintiff can seek damages from the United States for negligence by federal officials acting within the scope of their employment.

While the United States has waived sovereign immunity for an FTCA action, it has not waived sovereign immunity for a *Bivens* action.  *See Jaffee v. U.S.*, 592 F.2d 712, 717-18 (3d Cir.), *cert. denied,* 441 U.S. 961 (1979) (no waiver of United States' sovereign immunity for suits alleging constitutional violations).  Thus, Plaintiff properly did not  name the United States with respect to the *Bivens* portion of his  Complaint.   Plaintiff must also exhaust his administrative remedies prior to filing an FTCA action in federal court by filing a tort claim (Form 95) with the applicable federal agency, in this case, BICE.   *See* 28 U.S.C. § 2401(b); *Williams v. U.S.*, 1995 WL 739497 (E.D. Pa.).  Plaintiff states  that he exhausted his administrative remedies  regarding his FTCA claim against the United States Defendants since he sent a letter to Defendant Gonzales, with a copy to INS District Director.   Plaintiff does not indicate that he received a final denial from any Defendant or from BICE.[13]  In any event, since we find that Plaintiff cannot file  his FTCA action against either BICE or

---

[13] Plaintiff's FTCA action filed with this Court on March 20, 2006, was filed less than one month after he sent his February 23, 2006 letter to Defendant Gonzales.

Gonzales, these Defendants should be dismissed, and Plaintiff's FTCA action should be only asserted against the United States.[14]   We also find that Plaintiff's stated letter does not satisfy the exhaustion of Administrative remedies requirement of the FTCA.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C. §2675 (a).  Plaintiff here is seeking damages for personal injury against the United States presumably for negligently denying him dentures, and for allowing his pain, suffering and difficulty eating to continue during his incarceration at YCP, despite his request for dentures to the INS.   With respect to Plaintiff's FTCA claim, the only proper party Defendant is the United States, and not individually named Defendant employee  of the DOJ (Gonzales) and not a federal agency (BICE).  *See* 28 U.S.C. §2679 (b) and (d)(1).[15]  Thus, no individual employee  of the DOJ can be included in Plaintiff's FTCA action nor can BICE be named, and only the United States can be named as Defendant.

Plaintiff, as he recognizes (Doc. 28, p. 13), must file his FTCA action within six (6) months after the agency, here BICE, issues a final denial of his administrative claim (Form SF-95).  *See* 28 U.S.C. § 2401(b).  If the agency does not decide the tort claim within six (6) months after it is filed,

---

[14]*See* 28 U.S.C. § 2679(b) and (d)(1).

[15]As discussed below, the named agency (BICE) is not a proper party Defendant  for Plaintiff's *Bivens* action.  Rather, Plaintiff must name the individual federal employee who allegedly denied him proper medical care.

at the option of the claimant, it can be deemed as a final denial.  Here, as stated, Plaintiff filed his

FTCA action with this Court in less than one month after he mailed Defendant Gonzales his letter.

 Plaintiff did not file an Administrative tort claim with BICE, and he did not name the proper party

Defendants with respect to his FTCA action.  Plaintiff did not put the agency on notice of his tort

claim notwithstanding the fact that Plaintiff copied the INS District Director and DOJ,  and he did

not give the agency a fair opportunity to address his claim and attempt to resolve the matter.  If

Plaintiff's letter were allowed to satisfy the exhaustion requirement under the FTCA, we find that it

would thwart the very purpose of the exhaustion requirement.  This Court is well aware that the

United States Attorney General receives numerous letters and requests on a daily basis, and we find

that Plaintiff's February 23, 2006, letter to him should not be deemed as a proper tort claim under

the FTCA for purposes of exhaustion.

        If the Court were to allow letters written to the United States Attorney General as satisfying

the Administrative tort claim requirement of the FTCA, we find that this requirement of the statute

would be rendered meaningless.  Plaintiff did not even give the DOJ sufficient time to respond to

his letter before he filed this action.  We agree with Defendants that even if Plaintiff's letter to

Defendant Gonzales is deemed to constitute his Administrative tort claim, this Court lacks

jurisdiction since Plaintiff did not give the agency proper notice and a fair opportunity to address his

claim prior to filing this case.  (Doc. 22, p. 5).[16]  In fact, in his letter to Defendant Gonzales, Plaintiff

---

        [16]We disagree with Defendants (Doc. 22, p. 5) insofar as they claim the Plaintiff's letter
to Defendant Gonzales did not place a value on his claim.  Plaintiff s letter clearly states that he
intends to seek damages in the amount of $250,000.  (Doc. 1, Ex. A, p. 1).

does not even refer to the negligence of any federal employee with respect to his claim that he was deprived dentures.  Rather, Plaintiff states that the prison dentist told him in November 2005, that the INS did not approve of the application to give him dentures, and that the actions of the INS "causes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment as well as a denial of my Fifth Amendment civil rights, amounting to cruel and unusual punishment."  (Doc. 1, Ex. A, p. 2).  Plaintiff also began his letter by stating that he seeks  damages "resulting from the unlawful deprivation of my Constitutional right to medical care."  (*Id*., p. 1).  Plaintiff's letter sounds more in the nature of a grievance with respect to his *Bivens* claim than a tort claim for negligence of federal employees.  As stated, it makes no mention of negligence by any federal employee with respect to his denial of proper dental care claim.  "The only waiver exposing the United States to tort liability is the FTCA, which does not apply to a Constitutional claims (sic)."  *Baker v. U.S.,* 2006 WL 1946877, * 5 (W. D. Pa.).  Plaintiff's letter states Constitutional claims under the Eighth Amendment and does not make any mention of negligence by federal employees.[17]

As the Supreme Court recently stated with respect to the purpose of the exhaustion requirement for the filing of a § 1983 civil rights suit, an inmate must properly exhaust his Administrative remedies, in part, to give  the federal agency notice of the claim and to allow it the

---

[17]The Court in *Carpenter v. U.S.*, 2006 WL 1479622, * 2 (W. D. Pa.), stated:

An administrative claim is deemed "presented" when the federal agency receives written notification of the alleged injuries accompanied by a claim for money damages set forth in a sum certain. 28 U.S.C. § 14.2; *see also Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971)."

opportunity to address it prior to court action.  *See Woodford v. Ngo*, 126 S. Ct. 2387 (2006).  While we recognize that the exhaustion in *Ngo* dealt with § 1983 actions, we find that the rationale of the Court in requiring proper exhaustion can apply in the present case, *i.e.* to give the federal agency fair opportunity to consider the tort claim and to address the complaint internally prior to commencing an action in court.  *See Fortune v. Bitner*, 2006 WL 2796158, * 7 (M.D. Pa.) (This court discussed the purpose of the PLRA's exhaustion requirement as explained by the Court in *Ngo*); *Baker v. U.S.*, 2006 WL 1946877, * 5 (W. D. Pa.) ("The purpose of the [FTCA] 'exhaustion requirement is [...] to provide notice to the agency so that it can investigate the claim.'") (citations omitted).

As this Court stated *Thomas v. Ashcroft*, 2006 WL 860136, * 4  (M.D. Pa.), in granting Defendants summary judgment with respect to  a federal inmate's FTCA action joined with a *Bivens* claim and a § 1983 claim:

> The FTCA confers on district courts subject matter jurisdiction over negligence actions against the United States.  *See* 28 U.S.C. § 1346(b)(1). ([D]istrict Courts . . .  shall have exclusive jurisdiction of civil actions on claims against the United States . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ) The FTCA applies to claims alleging personal injuries occasioned by the negligence of government employees. 28 U.S.C. § 1345(b)(1); *Dolan v. U.S. Postal Service*, ___ U.S. ___, 126 S.Ct. 1252, 1256, ___ L.Ed.2d ___ (2006).  However, a prerequisite to filing an FTCA action is exhaustion of the administrative remedies available, and prior to filing an FTCA claim the Plaintiff must file an administrative claim against the appropriate federal agency. 28 U.S.C. § 2675(a).  Exhaustion of appropriate administrative remedies is a jurisdictional prerequisite to filing an FTCA claim, and the requirement may not be waived.  *Deutsch v. U.S.*, 67 F.3d 1080, 1091 (3d Cir. 1995); *Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989).

In *Thomas*, Plaintiff filed an Administrative tort claim with the BOP, but it was rejected as deficient. The BOP advised Plaintiff that he could file a corrected claim. Plaintiff failed to do so and filed his FTCA action with this Court. This Court found that Plaintiff "failed to satisfy the jurisdictional prerequisite for the claim in this Court." *Id.*

We find that our Plaintiff's FTCA action should be dismissed without prejudice since this Court lacks jurisdiction over it, and he should be directed to re-file his FTCA action as a separate action against only the United States after exhaustion, *i.e.,* he files a proper Administrative tort claim with BICE. Plaintiff may receive some satisfaction with respect to this tort claim by giving the agency a fair opportunity to address it.[18] Thus, insofar as Plaintiff requests liberal application of the procedural rules to his claims in light of his *pro se* status (Doc. 28, p. 14), we recommend that his FTCA action be dismissed without prejudice to re-file it against the proper Defendant after he files a proper Administrative tort claim with BICE.

Defendants next argue that Plaintiff's claims for monetary damages as against BICE and Defendant Gonzales in his official capacity should be dismissed. (Doc. 22, p. 6). We agree. Plaintiff sues all Defendants in both their individual and official capacities, and he seeks monetary damages as well as injunctive relief. (Doc. 1, pp. 1, 9-10).

---

[18]If Plaintiff's claim occurred in September 2005, as he seems to indicate, *i.e.* when he was examined by a doctor at YCP who recommended dentures for his dental condition (Doc. 1, Ex. A, p. 2), he would still be within the SOL period to file his tort claim with BICE. Plaintiff would then have to file his FTCA action in federal court within the required six months time after final denial of his tort claim by BICE. *See Miller v. Phila. Geriatric Center*, 2006 WL 2598004 (3d Cir.).

The United States has not waived its sovereign immunity for a *Bivens* action, and the federal agency Defendant, *i.e.* BICE , is not a proper Defendant in a *Bivens* action. *See FDIC v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 999 (1994); *Alexander v. Hargrove*, 1995 WL 144636, E.D. Pa.; *Howard v. U.S.*, 2000 WL 128701, E.D. Pa.; *see also Jaffee, supra.; Aladiem v. HUD*, 199 WL 718069, E.D. Pa. Further, to the extent that Plaintiff's *Bivens* action is against Defendant Gonzales in his official capacity and seeks monetary damages, it is basically a claim against the United States.[19]

Thus, Plaintiff's monetary claims against BICE and Defendant Gonzales in his official capacity should be dismissed from his *Bivens* action.

---

[19]As this Court stated in *Arrington v. Inch*, 2006 WL 860961, * 4 (M.D. Pa.):

> "The doctrine of sovereign immunity precludes a plaintiff from bringing a *Bivens* action against a federal agency, *See FDIC v. Meyer,* 510 U.S. 471, 484-86 114, --- S.Ct. ----, ---- - ---- ----, --- L.Ed.2d ----, ---- - ---- ----(1994). Suits brought against federal officials in their official capacities are to be treated as suits against the employing government agency. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (cited with approval in *Christy v. Pa. Turnpike Comm'n,* 54 F.3d 1140, 1143 n. 3 (3d Cir.1995)). As a result, a *Bivens* suit brought against an individual federal official acting in his official capacity is barred by the doctrine of sovereign immunity, *See also Chinchello v. Fenton,* 805 F.2d 126, 130 n. 4 (3d Cir.1986) (affirming district court's conclusion that sovereign immunity barred an official-capacity *Bivens* claim), and the court lacks jurisdiction to hear the claim. *See Kabakjian v. United States,* 267 F.3d 208, 211 (3d Cir.2001) (holding that district courts lack jurisdiction to hear claims brought against the United States unless Congress has explicitly waived sovereign immunity)."

Finally, Defendants argue that Plaintiff's *Bivens* portion of his Complaint should be dismissed with respect to the United States Defendants, since he has failed to allege the personal involvement of any federal official with respect to this claim.  (Doc. 22, p. 7).    Plaintiff argues that he has very minimal access to identifying any prison personnel and any federal officials due to his status as a BICE detainee at YCP.    (Doc. 28, p. 16).    Plaintiff states that since a John Doe official of BICE denied the prison dentist's request for approval to provide him with dentures, he has sufficiently shown that the request was denied by a federal official.  (*Id*.).  Be that as it may, Plaintiff clearly has failed to state the required personal involvement of Defendant Gonzales with respect to the denial of the request  to provide  him with dentures.

Plaintiff's *Bivens* action should be against the federal officials allegedly responsible for not providing him with proper medical care.  His *Bivens* case is construed as a Fourteenth Amendment and an Eighth Amendment claim of unconstitutional failure to provide proper medical care, *i.e.* by depriving him of dentures recommended by a dentist, which deprivation caused him to  suffer pain.  As discussed above, this  portion of the case cannot be against a federal agency, such as BICE, as Plaintiff has named as party Defendant.  As stated, it must be against the responsible individual federal officials.   Thus, BICE should be dismissed entirely from Plaintiff's *Bivens* action.   *See Arrington, supra.*

The *Bivens* action should be against responsible federal officials for alleged violations of Plaintiff's Fourteenth Amendment and Eighth Amendment constitutional right to proper medical care.  We agree with Defendants that the personal involvement of Defendant Gonzales is completely lacking from Plaintiff's Complaint with respect to his *Bivens* action.

Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992). In Plaintiff's FTCA action, as mentioned, only the United States can be named as Defendant.[20] Likewise, the United States and its federal agencies, such as BICE, cannot be named as Defendants in a *Bivens* action. *See Meyer, supra*.

It is well established, as Defendants assert (Doc. 22, p. 8), that personal liability in a civil rights action  cannot be imposed upon a governmental official based on a theory of *respondeat*

---

[20] Plaintiff must sue the United States only as the Defendant in his FTCA action, and the United States' agency (BICE) should not be included as a Defendant in his *Bivens* action herein, since the United States did not waive sovereign immunity for a *Bivens* claim. Only the responsible individual federal officials can be named with respect to Plaintiff's *Bivens* action.

superior. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976);*Sutton v. Rahseed, 323 F. 3d 236, 249 (3d cir. 2003).*  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id.*  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985) (per curiam) (a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of section 1983). Permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement.  *Rizzo, supra.* Allowing only a letter sent to an official to be sufficient to impose supervisory liability would permit an inmate to subject defendants to potential liability in any case in which the prisoner merely transmitted correspondence to the official.  *Id.*  Thus, several courts have held that "it is well-established that an

allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." *Greenwaldt v. Coughlin*, 1995 WL 232736, at *4 (S.D.N.Y. Apr.19, 1995) (citations omitted); *accord Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under section 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) ("Receiving letters or complaints ... does not render [prison officials] personally liable under § 1983."); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y. 1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability.") (citations omitted). The Second Circuit Court has stated that "if mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose respondeat superior liability." *Walker v. Pataro*, 2002 WL 664040, at *12 (S.D.N.Y. Apr.23, 2002).[21]

Plaintiff's own exhibits show that he wrote a letter dated February 23, 2006 to Defendant Gonzales, and apparently Gonzales did not personally respond to Plaintiff's letter. Defendant Gonzales is not alleged to have had any personal involvement in the decision not to provide Plaintiff with dentures even though they were recommended by the prison dentist who examined him. Rather, Plaintiff claims that in September 2005, he submitted a request to YCP medical department

---

[21]We recognize that the present action as to Defendant Gonzales is under § 1331 and not § 1983, but we find that the same principles requiring the allegations of personal involvement and precluding *respondeat superior* as a basis for liability apply to both types of civil rights actions. *See Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).

to see a dentist and that he was examined by a dentist who recommended that he receive dentures. (Doc. 1, p. 4). Plaintiff did not get the dentures and filed a grievance with YCP. Plaintiff avers that YCP responded to his grievance stating that his request for dentures was denied by the INS. (*Id.*, p. 5). Plaintiff states that the conduct of INS and YCP amount to cruel and unusual punishment. (*Id.*). Besides the letter to Defendant Gonzales, we do not find that Plaintiff makes any further mention in his Complaint about this Defendant. As stated above, the mere fact that Plaintiff wrote a letter addressed to Defendant Gonzales is not sufficient to hold this Defendant liable in a *Bivens* action. Plaintiff does not allege that Defendant Gonzales was personally involved in the decision at the prison or at the INS to deny his request for dentures.

Therefore, we shall recommend that Plaintiff's *Bivens* action be dismissed as against Defendants Gonzales and BICE. Since Plaintiff fails to name any other federal official as a Defendant with respect to his *Bivens* action, we shall recommend that this portion of his Complaint be dismissed in its entirety.

In conclusion, the Plaintiff's case, to the extent it raises §1331 *Bivens* claims against the Defendant federal agency (BICE) and Defendant Gonzales, should be dismissed. To the extent that Plaintiff's action raises a claim under the FTCA, this portion of his Complaint should be amended to name only the United States as the Defendant, and it should be dismissed without prejudice for lack of jurisdiction due to Plaintiff's failure to exhaust his Administrative remedies. The Complaint should be dismissed to the extent that it is against the named federal agency (BICE) and Defendant Gonzales seeking monetary damages in his official capacity.

**IV.  Recommendation.**

Based on the foregoing, it is respectfully recommended that the United States Defendants' Motion to Dismiss Plaintiff's *Bivens* and FTCA actions be granted. **(Doc. 21).**  It is recommended that the named federal agency, BICE, and Defendant Gonzales  be dismissed as to both Plaintiff's *Bivens* and FTCA actions.[22]   It is further recommended that the United States be substituted as the proper Defendant with respect to Plaintiff's FTCA action, and that this action be dismissed without prejudice due to lack of jurisdiction by this Court.   Finally, it is recommended that this case be remanded to the undersigned for further proceedings only with respect to the § 1983 claim against Defendant Hogan, Warden at YCP.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 19, 2006**

----

[22] As noted above, Plaintiff could only have filed  the FTCA portion of his Complaint against the United States, and he could not name BICE as a Defendant with respect to his *Bivens* action, since the United States did not waive sovereign immunity for a *Bivens* action.  We have also indicated above that Plaintiff should have asserted his *Bivens* claims in his Complaint against only the individual federal employees responsible for denying his request for dentures.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN BURKE, | : | CIVIL ACTION NO. **3:CV-06-0573** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| | : | |
| | : | |
| ALBERTO GONZALES, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 19, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

23

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


_____

_____     s/ Thomas M. Blewitt

**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: October 19, 2006**